IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 17-cr-307-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    BRANDON RONDELL WASHINGTON,

    Defendant.

## ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION

The Government charges Defendant Brandon Washington ("Washington") with possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), possession of a controlled substance with the intent to distribute (21 U.S.C. § 841(a)(1)), and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)). (*See* ECF No. 1.) Washington filed a Motion to Suppress (ECF No. 20), arguing that he was subject to a traffic stop that impermissibly escalated into a full custodial arrest without probable cause, and so the evidence found on his person and in his car should be suppressed.

Neither Washington nor the Government requested an evidentiary hearing. After reviewing the parties' briefs and watching a video of the incident in question (*see* ECF No. 40), the Court found that the material facts were not in dispute and that the question could be answered as a matter of law. ("Suppression Order," ECF No. 41 at 1.)[1]

---
[1] 2018 WL 1932735.

Familiarity with the Suppression Order is presumed. For present purposes, the following summary is enough.

The Government never argued that its search of Washington's hands, pockets, and car was justified by pre-existing probable cause, the plain view doctrine, or the inevitable discovery doctrine. (*Id.* at 8–9.) Thus, the Court focused on the argument the Government actually made, namely, that the police officers were conducting a *Terry* stop and justifiably used force to "freeze" the situation. The Court assumed without deciding that the police officers' use of force was permissible for that purpose, but found that the Government had presented no argument justifying the police officers' insistence on prying open Washington's hands or searching his pockets after he was on the ground and handcuffed. (*Id.* at 11–12.) In particular, the Government had never argued that any police officer feared for his safety, which is the only justification for a search incident to a *Terry* stop (a.k.a. "*Terry* frisk"). The Court therefore granted Washington's motion and suppressed "[t]he evidence obtained as a result of the unlawful search performed upon Washington." (*Id.* at 12.)

Now before the Court is the Government's Motion for Reconsideration. (ECF No. 43.)

> Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. A district court should have the opportunity to correct alleged errors in its dispositions.
>
> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that

2

could have been raised earlier.

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (internal quotation marks and citations omitted). The Government argues under the third prong of this standard, *i.e.*, clear error and manifest injustice. (*Id.* at 2.) The error, says the Government, is that Washington's Motion to Suppress argued only that his *seizure* (detention or arrest) was illegal, not that the *search* of his person was illegal, and so the Government only responded with arguments justifying the *Terry* stop. (*Id.* at 1–4.) The Government further asserts that Washington raised the issue of an unlawful search in his reply brief only, to which the Government never had a chance to respond. (*Id.*)

The Government's argument is baseless. The *first sentence* of Washington's Motion to Suppress asks this Court "for the entry of an Order suppressing the fruits of an illegal search of the Defendant's car." (ECF No. 20 at 1.) This request is actually underinclusive as compared additional excerpts the Court will quote below, but the import is plain—Washington sought suppression of physical evidence obtained through an allegedly illegal search.

Washington's Motion also contained the following statements or arguments:

- "The police never maintained that the Defendant had, or could have, concealed a weapon in his fist." (*Id.* ¶ 10.) This is an obvious reference to the "frisk" portion of the *Terry* stop-and-frisk standard.

- "In this case, the fact that the Defendant was ordered to remain in the car belies the fact that officers did not consider him armed and dangerous." (*Id.* ¶ 14.) The Court presumes that Washington meant to say "confirms" instead of "belies," or perhaps "considered" instead of "did not consider."

3

- Either way, the point of the argument is obvious: the officers had no justification to search Washington for weapons.
- "The encounter with the police immediately escalated into a search for illegal drugs for which they lacked probable cause . . . ." (*Id.* ¶ 15.) This is not even an argument-by-implication. It is an explicit attack on the search, *not* just the seizure.
- "This defendant was stopped for a traffic infraction and immediately questioned about drugs, and officers had no legitimate safety concerns. When this Defendant failed to answer, as was his right, officers conducted a forcible search of his person." (*Id.* ¶ 16.) This cannot be construed as anything but an argument that a *Terry* frisk (as distinct from a *Terry* stop) requires a legitimate safety concern, which (according to Washington) did not exist.

Finally, Washington concluded as follows: "For the forgoing [*sic*] reasons the Defendant moves for the suppression of any evidence obtained from the search of his person, vehicle, and any statements attendant thereto as obtained in violation of the Fourth Amendment to the United States Constitution." (*Id.* ¶ 17.)

It is thus inconceivable that the Government could have construed Washington's Motion to Suppress as attacking only his allegedly unlawful seizure (*i.e.*, his investigative detention or arrest). It is also difficult to understand what relief the Government thought Washington was seeking by supposedly attempting to "suppress" only his *person*, and not the *items found on his person*.

The Court agrees with Washington: "It is neither a clear error [n]or manifest

injustice that the Government failed to carefully read the Defendant's Motion." (ECF No. 45 ¶ 10 (internal quotation marks omitted).) Accordingly, the Government's Motion for Reconsideration (ECF No. 43) is DENIED.

The Government shall file a status report no later than **June 28, 2018** informing the Court whether it plans to proceed with this prosecution, to appeal, or to take some other course of action. If the Government plans to proceed with the prosecution, the Court will promptly enter an order setting a new trial date and related deadlines. If the Government does not intend to proceed with this prosecution in some fashion, the Court will thereafter forthwith order Washington's release.

Dated this 25th day of June, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge